UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ROBERT DRURY,

             Petitioner,

  v.

STATE OF MISSISSIPPI,

             Respondent.

Case No. C15-5429 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted For:  July 24, 2015**

      Petitioner James Robert Drury filed an application to for leave to proceed *in forma pauperis* (IFP) and petition for writ of habeas corpus. Dkt. 1.  Mr. Drury is not in custody.  Mr. Drury alleges that he was charged in 2008 in the State of Mississippi with an unknown felony charge, which he believes to be for failing to return an item to a rental store. Dkt. 1-1, at 2.  He alleges that since that time a warrant has been pending for his arrest, that the State of Mississippi refuses to exercise the warrant and it remains as a limited extradition warrant which cannot be resolved unless he returns to Mississippi.  *Id.*, at 3.  Mr. Drury claims that the existence of this warrant constitutes cruel and unusual punishment and a violation of his due process rights.  He asks this Court to issue an order directing the State of Mississippi to dismiss the arrest warrant with prejudice.  *Id.*¸at 4.

      The undersigned recommends that Mr. Drury's petition be denied with prejudice prior to service as this Court lacks subject matter jurisdiction.  Mr. Drury's IFP application and issuance of a certificate of appealability should be **DENIED.**

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

**A.     No Subject Matter Jurisdiction**

A habeas petitioner must be in custody at the time the petition is filed in order to challenge the basis of his detention.  *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).  The purpose of the custody requirement is to preserve the writ of habeas corpus as "a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).  The Supreme Court of the United States has held that the petitioner *must be in custody under the conviction or sentence under attack in his petition.  Maleng*, 490 U.S. at 490–91 (citing *Carafas v. La Vallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)) (emphasis added).  If the petitioner is no longer in custody under the conviction or sentence under attack, the district court lacks subject matter jurisdiction to entertain the habeas petition.  *See Maleng*, 490 U.S. at 490; see also *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir.1998) (holding that the custody requirement is jurisdictional).

Mr. Drury is not in custody and he has not been convicted of the warrant under attack in his petition.  He seeks relief for an outstanding warrant issued in the State of Mississippi.  His habeas petition must be dismissed.

**B.     Certificate of Appealability**

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue.  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See*

1  28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of

2  reason could disagree with the district court's resolution of his constitutional claims or that

3  jurists could conclude the issues presented are adequate to deserve encouragement to proceed

4  further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

5         The Court recommends that Mr. Drury not be issued a COA.  No jurist of reason could

6  disagree that this Court lacks jurisdiction of a habeas petition where the petitioner has not been

7  convicted and is not in custody under the conviction or sentence under attack in his petition.  Mr.

8  Drury should address whether a COA should issue in his written objections, if any, to this Report

9  and Recommendation.

## CONCLUSION

11         The Court recommends **DISMISSING** the petition **with prejudice** for lack of subject

12  matter jurisdiction.  Petitioner's IFP application should be **DENIED.**  The Court also

13  recommends **DENYING** the issuance of a certificate of appealability.

14         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

15  fourteen (14) days from service of this Report and Recommendation to file written objections.

16  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

17  purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).   Accommodating the time limit

18  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 24, 2015**,

19  as noted in the caption.

20         DATED this 1st day of July, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3